# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

U.S.A. vs. LONDELL DAVENPORT                                                Docket No. 3:00CR00167(DJS)

## Petition For Modification of Conditions or Term of Probation/Supervised Release with the Consent of the Offender

**COMES NOW,** Otto Rothi, Probation Officer of the Court, presenting an official report upon the conduct and attitude of Londell Davenport who was sentenced to 21 months' incarceration followed by three years' supervised release for a violation of 18 U.S.C. § 371, Conspiracy to Commit Bank Fraud, by the Honorable Dominic J. Squatrito, Senior U.S. District Judge sitting in the court in Hartford, Connecticut, on March 19, 2002, and imposed the general terms and conditions theretofore adopted by the Court and also imposed the special conditions and terms as follows: 1) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the U.S. Probation Office, which may include random urinalysis testing. The defendant shall pay all, or a portion of, the costs associated with such treatment, based upon his ability to pay, as determined by the U.S. Probation Office; 2) The defendant shall provide the U.S. Probation Office with access to any requested financial information, including financial records of any business in which he may be a partner; 3) The defendant shall not incur new charges or open additional lines of credit without prior approval of the U.S. Probation Office; and 4) The defendant shall pay restitution in the amount of $4,618.57 to the victims pursuant to 18 U.S.C. §§ 3663 and 3664. Interest to be waived. Restitution shall be made to the following victims: 1) First Union Bank, in the amount of $2,943.96; 2) Fleet Bank, in the amount of $956.97; and 3) Webster Bank, in the amount of $717.64. Payments shall be made at the rate of $100 per month, or as otherwise instructed by the Court should the defendant's financial condition change.

Londell Davenport began supervision on September 10, 2003. Mr. Davenport's supervised release term is scheduled to expire on September 9, 2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Standard Condition 1: "You shall not commit another federal, state, or local crime." On February 2, 2006, Mr. Davenport was arrested by the Manchester Police Department, and was charged with Larceny 5, Larceny 6, and Possessing a Shoplifting Device. The case is presently pending at the Manchester Superior Court under docket number CR06-0203136-S. Mr. Davenport was released on a $5,000 bond.

Continued on Page 2

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve:

☐ To extend the term of probation/supervised release for   years, for a total term of   years.
■ To modify the conditions of supervision as follows:

The defendant shall be placed on home confinement with electronic monitoring and shall remain on home confinement until September 8, 2006. The defendant shall only leave his residence for employment, medical appointments, religious obligations, and as otherwise pre-approved by the Court or U.S. Probation Office. The cost of such monitoring shall be paid by the defendant. The defendant shall make all provisions necessary for the appropriate installation and operation of electronic monitoring. Further, the defendant is to comply with all conditions of electronic monitoring as imposed by the probation officer.

On July 6, 2006, Mr. Davenport signed a Waiver of Hearing to Modify Conditions of Supervised Release.

AUSA Nora R. Dannehy and defense counsel, John Andreini, have agreed with this modification.

**ORDER OF COURT**                                                Respectfully Submitted,

Considered and ordered this 11th day of July 2006 and ordered filed and made a part of the records in the above case.

_____                                         _____
The Honorable Dominic J. Squatrito                                 Otto Rothi
Senior United States District Judge                                United States Probation Officer

                                                                   Place: Hartford, Connecticut
                                                                   Date: July 11, 2006

Page 2

On February 13, 2006, Mr. Davenport was arrested by the Manchester Police Department, and was charged with Criminal Trespassing 1st Degree. The case is presently pending at the Manchester Superior Court under docket number CR06-0203251-S. Mr. Davenport was released on a $5,000 bond.

On June 8, 2006, Mr. Davenport was arrested by the Manchester Police Department, and was charged with Criminal Impersonation, Forgery 2nd Degree, and Criminal Trespassing 1st Degree. The case is presently pending at the Manchester Superior Court under docket number CR06-0205072-S.

PROB 49
(3/89)

# United States District Court
### District of Connecticut

### Waiver of Hearing to Modify Conditions of Supervised Release

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

The defendant shall be placed on home confinement with electronic monitoring and shall remain on home confinement until September 8, 2006. The defendant shall only leave his residence for employment, medical appointments, religious obligations, and as otherwise pre-approved by the Court or U.S. Probation Office. The cost of such monitoring shall be paid by the defendant. The defendant shall make all provisions necessary for the appropriate installation and operation of electronic monitoring. Further, the defendant is to comply with all conditions of electronic monitoring as imposed by the U.S. Probation Officer.

Witness: _____
Otto Rothi
U.S. Probation Officer

Signed: _____
Londell K. Davenport
Supervised Releasee

7/6/06
Date